Frances E. Kaskela *vs.* Gilmore Cab Co., Inc.

Izydor Kaskela *vs.* Same.

Charles Kaskela, *p. a. vs.* Same.

JULY 18, 1939.

Present: Flynn, C. J., Moss, Capotosto and Baker, JJ.

Baker, J. These actions of trespass on the case for negligence were tried together in the superior court to a jury,

which returned a verdict for the defendant in each case. Thereafter the trial justice denied the plaintiffs' motions for new trials, and the cases are now before us on the plaintiffs' bills of exceptions, each containing the single exception to the above ruling of the trial justice.

The plaintiffs, Frances and Charles, are suing to recover damages for personal injuries claimed by them to have been suffered by reason of the alleged negligent conduct of an agent of the defendant company. The plaintiff Izydor, husband of Frances and father of Charles, is suing to recover from the defendant certain expenses he contends he was put to by reason of the occurrences involved herein.

The evidence showed that on February 18, 1937, shortly before 9 o'clock a. m., the plaintiff Frances called to her home in Providence a taxicab of the defendant company. When the cab arrived, she, her two sons, Charles and Izydor, Jr., and a friend named Mrs. Gloria Fratus, entered the cab, and the driver thereof was directed by Mrs. Kaskela to take her two children to a certain school, and Mrs. Fratus and herself to the Rhode Island Hospital. The alleged accident occurred at the corner of Point and Plain streets in the city of Providence while the defendant's taxicab was proceeding as above directed.

The evidence as to what happened at the said corner was sharply conflicting. The plaintiffs' contention, which in general was supported by the testimony of the passengers in the taxicab, was that the traffic at such corner was controlled by an automatic traffic light; that, as the taxicab proceeded along Plain street toward the corner, the traffic on that street was stopped by reason of the traffic light being red in that direction; that, because of the red light, an automobile driven by a woman was standing on Plain street at the intersection waiting for the light to change; and that defendant's taxicab, at considerable speed and without any

apparent effort by the driver to stop it, ran into the rear of the standing automobile. As a result of this collision, the plaintiff Frances claims that she was thrown from the rear seat to the floor of the taxicab and was injured, and the plaintiff Charles, who was sitting on the front seat, claims that he was thrown forward and that his head struck against the dashboard of the taxicab. Apparently, the other two passengers in that vehicle were not injured. As soon as the traffic light changed from red to green after the collision, the taxicab and the automobile proceeded on their respective ways.

On the other hand, the driver of the taxicab testified for the defendant in substance that, at the time in question, the traffic light at the corner of the two above-mentioned streets was not being used, but that a police officer was directing traffic there; that as the taxicab was approaching said corner an automobile driven by a man stopped on Plain street directly in front of said cab; that the witness stopped the cab he was driving about ten or fifteen feet behind said automobile; that upon a signal from the police officer both machines moved ahead a short distance when suddenly a child ran from the sidewalk on their right into Plain street; that both machines stopped quickly and the front bumper of the taxicab struck slightly the rear bumper of the automobile immediately ahead, causing no injury to any one in the taxicab; that the driver of said automobile did not even look back at the impact; and that after the child had returned to the sidewalk both automobiles proceeded, the one in front turning into Point street, and the witness driving the taxicab across the intersection and along Plain street.

The police officer directing traffic at said corner at the time in question was a witness for the defendant and testified that no collision or occurrence such as described by the plaintiffs' witnesses took place, but that bumpers of two

automobiles might strike each other lightly, while traffic was moving, without attracting his attention, if no damage was done. This witness was not interrogated as to whether or not any child ran from the sidewalk under the circumstances described by the driver of the taxicab.

Certain testimony given by the plaintiff Charles, to the effect that often about school time the traffic light in question was shut off and that a police officer was stationed at said intersection to direct traffic, tended to corroborate the testimony of the defendant's driver as to conditions existing at the time of the alleged accident. Further, the plaintiffs' witness, Mrs. Fratus, in one portion of her testimony, gave an explanation of the cause of such accident different from that given by the other occupants of the taxicab, particularly in respect to the color of the traffic light as said cab approached the intersection.

In the instant cases the only issue was whether or not the driver of the defendant's taxicab was guilty of any negligence which was the proximate cause of any injuries which the plaintiffs Frances and Charles may have suffered by reason of the occurrences in question.

In support of its contention that its driver's version of what took place was correct, and the verdict of the jury and the decision of the trial justice were supported by the weight of the credible evidence, the defendant points to the following undisputed facts appearing therein. No complaint of an accident was made by any one to the police officer who was standing at the intersection at the time in question. The driver of the automobile immediately in front of defendant's taxicab, when traffic on Plain street was stopped at said intersection, at no time left said automobile or complained that it had been bumped. No damage whatever was apparently done to either vehicle. After crossing the intersection the taxicab was stopped and the plaintiff

Charles and his brother Izydor, Jr. got out and at once went to school. The taxicab then continued on to the Rhode Island Hospital, where Mrs. Kaskela and her friend alighted, the former paying the driver and giving him a tip in addition to the fare. At the hospital the plaintiff Frances consulted a doctor about the removal of a wen, for which purpose she had gone there, but made no mention to said doctor about any injuries received in an automobile accident.

However, on the following day, she did call in a physician, who testified that he examined the plaintiff Charles, found no injury and did not treat him; but that the plaintiff Frances was nervous, had some swelling and redness on her left ankle, knee and shoulder and complained of pain in her back. Thereafter she spent a few days in a hospital for observation, without any definite result, and later was examined by two other doctors, both of whom testified. The medical evidence in the case of the plaintiff Frances was contradictory and somewhat vague and unsatisfactory. In the case of the plaintiff Charles, an attempt was made to show that the alleged accident had partially affected the hearing in one of his ears.

In our opinion, the conflicting evidence in these cases presented questions of fact the determination of which depended largely upon the credence which the jury and the trial justice gave to the various witnesses. Under such circumstances, seeing and hearing them testify was of great benefit. We do not have that assistance. The trial justice has sustained in no uncertain terms the verdicts of the jury in favor of the defendant. In making his finding on the plaintiffs' motions for new trials, he stated that the verdicts met with his "unqualified approval."

The plaintiffs have urged that this finding was more or less a formality. We find nothing in the record to so indi-

cate. The decision was made in the presence of the plaintiffs' then attorney and comprised a considered statement of the principal issue involved in these cases. The plaintiffs have also argued that the trial justice misconceived the evidence and, therefore, that the decision on said motions does not carry the customary persuasive force in this court, and they have cited *Surmeian* v. *Simons,* 42 R. I. 334. That case sets out the settled law of this state in connection with the matter of granting motions for new trials and the duties and functions of the trial court and of this court in that connection; but such case has no application here in the manner the plaintiffs now contend.

We have considered the evidence presented in the instant cases and, after so doing, find no reason to disturb either the. verdicts of the jury or the decision of the trial justice in denying the plaintiffs' motions for new trials. It is our judgment that such verdicts and such decision are amply supported by the evidence. In our opinion, in passing upon the action of the trial justice in disposing of such motions we are governed by well-recognized and established principles which we have often set out and which need not now be repeated. *Wilcox* v. *The Rhode Island Company,* 29 R. I. 292; *Bourre* v. *The Texas Company,* 51 R. I. 254. We find that the action of the trial justice in denying the plaintiffs' motions for new trials was without error.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for the entry of judgment on the verdict.

*Frank H. Bellin,* for plaintiffs.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for defendant.